## BUSHNELL vs. BROWN'S HEIRS.

APPEAL from the court of the third district, the judge of the fourth presiding.

MARTIN, J. delivered the opinion of the court. This case was remanded from this court, at May term, 1826, *vol.* 4, 501, with directions to the judge to grant an order of survey, and admit in evidence the records of the court against the plaintiff.

There was judgment for the defendants, the injunction was dissolved, and the plaintiff appealed.

The appellant's counsel has drawn our attention to a bill of exceptions, taken at the trial or before the judgment was reversed in May, 1826. It appears to us that we cannot travel back, beyond the proceedings posterior to our last judgment.

He further says, that the order of survey, which we ordered to issue, was not granted. It was for the party for whose benefit this order was to issue, to move for it: if he did not, the presumption is, that he was satisfied that the case should proceed without it.

He complains, lastly, that the process verbal of the sale is not a title: there were no witnesses to the sale.

*If a case be remanded, the court on its return, cannot examine, proceedings, anterior to the remanding.*

*If on remanding, the court directs a survey, and the party in whose favor it is directed, does not object to proceedings below without it, he cannot on a second appeal assign as error, that no survey took place.*

East'n. District.
*June,* 1829.

BUSHNELL
*vs.*
BROWN's HEIRS

We have held that the process verbal of a sale by the register of wills in the city of New Orleans, is evidence of title. *Habine* vs. *Zanico,* 5 *Martin* 372.

There is no copy of the process verbal of sale coming with the record, and we cannot ascertain what witnesses there were. It was the duty of the appellant, who now alleges this fact, to enable us to ascertain its ex_istence.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.